**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4156**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANIYRUS S. BOGLE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (CR-04-231)

———————

Submitted: June 30, 2005                    Decided: July 27, 2005

———————

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank W. Dunham, Jr., Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Brian L. Whisler, Michael S. Dry, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shaniyrus S. Bogle appeals his convictions for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000).[*] Bogle entered a guilty plea conditioned on his ability to appeal the district court's order denying his motion to suppress evidence. Finding no error, we affirm.

Bogle argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, and having reviewed the record and the parties' briefs, we conclude that the officer who seized Bogle did so based on a reasonable articulable suspicion that Bogle was engaged in criminal activity. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable

---

[*]Bogle does not seek to challenge his sentence. Thus, United States v. Booker, 125 S. Ct. 738 (2005), does not impact this appeal.

- 2 -

suspicion that criminal activity is afoot." <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000); <u>see also</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). We conclude that, given the totality of the circumstances, <u>see</u> <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989), Bogle's suspicious and evasive behavior justified the officer's actions. <u>See</u> <u>United States v. Mayo</u>, 361 F.3d 802, 807-08 (4th Cir. 2004).

Accordingly, we affirm Bogle's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>